Opinion issued June 10, 2025



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-23-00546-CV

———————————

**KATRINA TORRES AND GUSTAVO TORRES, INDIVIDUALLY AND AS NEXT FRIENDS OF PTT1, PTT2, AND PTT3, Appellants**

**V.**

**WANNA S. GIACONA, Appellee**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-11359**

---

## MEMORANDUM OPINION

This appeal presents a straightforward question of law: When a child is tortiously injured, do his or her parents have a right to be reimbursed for money they spent on the child's medical care from settlement proceeds allocated to the child—as opposed to through a claim on the parents' behalf? This question has an equally

straightforward answer: No. Therefore, we overrule the appellant's issues, all of which depend on the existence of such a right, and affirm.

## BACKGROUND

Katrina Torres and her three children were visiting Wanna Giacona's home when Giacona's dog attacked one of the children. That child's face was seriously injured by the dog, requiring several surgeries. The mother and her other two children tried to restrain the dog. These two children required therapy afterward.

### The Lawsuit

The Torreses, Katrina and her husband, Gustavo, made claims against Giacona's homeowner's insurance, and the insurance company agreed to settle their claims for the policy's limit of $300,000. Because the proposed settlement included claims belonging to the children, it was necessary to file a so-called "friendly lawsuit" and seek court approval of the settlement. *See* Tex. R. Civ. P. 44 (minors may be represented in suit by next friend, who may compromise suits and agree to judgments with court approval, and these court-approved compromises and judgments are binding and conclusive). So, the Torreses filed a lawsuit.

In their petition, the Torreses asserted both their own personal claims and also claims on behalf of their children as their next friends. Katrina and Gustavo's personal claims consisted of her bystander claim and their claims for reimbursement of expenses they incurred securing medical care for their children (surgeries and

2

therapy). Because the Torres parents asserted their own personal claims—in addition to claims on behalf of their children—the Torreses alleged they had a conflict of interest with their children that required the appointment of a guardian ad litem. *See* TEX. R. CIV. P. 173.2(a), 173.4(c) (court must appoint guardian ad litem if next friend appears to have interest adverse to minor or the parties agree to appointment, and ad litem has duty to advise court whether settlement is in minor's best interest). The trial court then appointed a guardian ad litem. *See* TEX. R. CIV. P. 173.3.

The trial court held a minor settlement hearing. The parties and the guardian ad litem asked the trial court to approve a settlement in which *all* the insurance proceeds were allocated to the children: $200,000 for the child who was attacked and $50,000 each for the other two children.

From these amounts allocated to the children, they then proposed various deductions, including deductions to reimburse the parents for about $25,000 in expenses they incurred securing medical care for the children due to the dog attack. Once the deductions were made, the remainder of the funds would be used to buy annuities for the children or else held in trust for future medical care.

Counsel stated that Katrina Torres was waiving her bystander claim.

### The Trial Court's Rulings

The trial court refused to approve the settlement as proposed. It explained that it would not approve the reimbursement of past medical expenses to the parents from

3

funds allocated solely to the children. The trial court reasoned that the only matter before it was the settlement of the children's claims, not any claims their parents had.

Afterward, the Torreses filed a motion seeking reconsideration, in which they requested approval of the proposed settlement, including the reimbursement of the expenses they incurred for the children's medical care. They explained that these expenses were necessitated by the dog attack but were not covered by their own insurance.

At a hearing, the trial court refused to reconsider its prior ruling. It reiterated that the parents could not be reimbursed from the children's settlement proceeds. The trial court later entered an order denying the motion seeking reconsideration.

The trial court rendered judgment effectuating the terms of the parties' settlement with the exception of the proposed reimbursement of medical expenses (which, per the rulings described above, the trial court did not include). The trial court ordered that the approximately $25,000 in settlement funds that the parties had proposed be paid to the parents to reimburse them for medical expenses instead be placed in interest-bearing bank accounts for the benefit of the children.

The Torreses, who objected to the judgment's exception, now appeal.

**DISCUSSION**

The Torreses raise three issues on appeal, all of which turn on whether they are legally entitled, on this record, to be reimbursed from their children's settlement funds for the expenses they incurred in securing medical treatment for their children. Because the facts are undisputed, this is a question of law we review de novo. *See generally Cnty. of Bexar v. Santikos*, 144 S.W.3d 455, 459 (Tex. 2004).

We hold they are not entitled to reimbursement on the facts of this case.

**Applicable Law**

Parents have a duty to provide their children with medical care. TEX. FAM. CODE § 151.001(a)(3). Parents also have a right to recover from the tortfeasor the expenses they incur in securing medical care for children who are injured by another's wrong. *In re KC Greenhouse Patio Apts.*, 445 S.W.3d 168, 176 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding). This claim for reimbursement belongs to the parents. *Id.*

Any claims the children themselves have for their personal injuries are separate and distinct from their parents' right to recover. *Id.* Those claims belong to the children. *Id.* As our Court has explained, "the claim for the child's medical expenses belongs to the parent, while the claim for personal injuries belongs to the child." *Id.*

5

In fact, it is the existence of these competing claims that creates the potential conflict of interest between parents and their children in suits for a child's personal injuries. *Id.*; *see also Castelan v. Gerard*, No. 01-16-00463-CV, 2018 WL 2727781, at *2 (Tex. App.—Houston [1st Dist.] June 7, 2018, no pet.) ("[A] cause of action to recover medical expenses incurred by a minor child through the date the child attains the age of majority belongs to the child's parents.").

## Analysis

Applying the law to the facts of this case, we affirm. Because the proposed settlement allocated all settlement funds to the children—with none to the parents for their claims—the trial court did not err in declining the parents' request for reimbursement.

To begin, to the extent the trial court indicated that solely the children's claims were before it—and not also claims of the parents—the trial court was mistaken. In their friendly suit, the Torreses asserted their own claims *and* the claims of their children. The proposed settlement needed court approval solely because of the children's claims. But the suit involved both, and the judgment the trial court entered on the settlement disposed of all the claims made in the suit.

That said, the settlement the parties proposed did not allocate funds to both sets of claims. Instead, when the parties presented their proposed settlement of all

6

claims to the court for approval, they chose to assign the entire settlement amount to the children's claims—and none to the parents' claims.

The parties then proposed to deduct various sums for the parents from *each child's settlement,* including sums intended to reimburse the parents for around $25,000 in past medical expenses. These sums were explicitly identified as reimbursements to the parents from the children for medical expenses the parents had incurred as a result of the dog attack.

But the children's settlement of their own claims did not (and could not, absent inapplicable exceptions) include the parents' costs for past medical expenses. *See Castelan*, 2018 WL 2727781, at *2 (child cannot recover medical expenses from third party tortfeasor because that right belongs to child's parents, who have the primary responsibility for the costs of medical attention furnished to the child).

Of course, the Torreses are correct that they had a legal right to recover these medical expenses. *See id.*; *In re KC Greenhouse Patio Apts.*, 445 S.W.3d at 176. But they had the right to recover them from Giacona or her insurer—not a right to reimbursement from their children. *See* TEX. FAM. CODE § 151.001(a)(3) (parent's have duty to provide child with medical care); *In re KC Greenhouse Patio Apts.*, 445 S.W.3d at 176 (personal-injury claim against tortfeasor belongs to injured child but claim against tortfeasor for child's medical expenses belongs to parents).

The structure of the settlement here, which allocated all settlement funds to the children, forecloses the parents' right to recover on the record before us. Thus, the trial court did not err in denying the reimbursement sought by the Torreses.

We overrule the Torreses' appellate issues.

## CONCLUSION

We affirm the trial court's judgment.


Jennifer Caughey
Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.